### ANNA HAYDEN *vs.* WILLARD SNELL.

A promise to pay " J. S. or his wife A. S." an annuity " during their natural lives," is a promise to pay during their joint lives and the life of the survivor.

ACTION OF CONTRACT on this note : " Bridgewater, October 20, 1842. For value received I promise to pay Charles Hayden or his wife Anna Hayden the sum of eight dollars yearly during their natural lives. Willard Snell."

The plaintiff in her declaration set forth the making of the note, the death of her husband, and the subsequent refusal of the defendant to pay the annuity to her. The defendant demurred, upon the ground that the declaration showed no cause of action, because upon the face of the note nothing was to be paid after the death of either payee. In the court of common pleas, *Briggs*, J. overruled the demurrer, and the defendant alleged exceptions.

*E. Ames*, for the defendant. The words " during their natural lives " should be construed according to grammatical rules. *Love* v. *Pares*, 13 East, 84. *Perry* v. *Skinner*, 2 M. & W. 471. " During their natural lives " or " during their lives " is the same as " during their joint lives," and not the same as " during their lives and the life of the survivor of them." The words do not admit of so much doubt as to call in aid the rule of construing the words most strongly against the grantor. *Adams* v. *Warner*, 23 Verm. 411.

*J. Brown*, for the plaintiff.

BIGELOW, J. The contract declared on was in legal effect an agreement to pay the stipulated sum yearly to both of the persons named as promisees, and, so long as both survived, an action might have been maintained in their names jointly. *Osgood* v. *Pearsons*, 4 Gray, 455. *Willoughby* v. *Willoughby*, 5 N. H. 244. Upon the death of either, the right of action would remain in the survivor. 1 Chit. Pl. (6th Amer. ed.) 21. It was therefore, legally interpreted, a promise to pay both and the survivor of them so long as they or either of them should live

The purpose of adding to the contract the words " during their natural lives" was not to change the legal effect of the promise to the two, so as to limit the liability to their joint lives, but to mark the period when the annuity should cease. Not being intended as an absolute promise to pay a certain fixed sum at all events, it was necessary to add a clause which should indicate the time when the yearly payment was to terminate.

*Demurrer overruled.*